UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NANTUCKET WINE & FOOD FESTIVAL, LLC and NANCY BEAN, <br><br> Plaintiffs, <br><br> v. <br><br> GORDON COMPANIES, INC., d/b/a The Nantucket Food and Wine Experience, DAVID GORDON, and WHITE ELEPHANT HOTEL LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 1:24-CV-11640-LTS |

**ANSWER OF DEFENDANTS, GORDON COMPANIES, INC., D/B/A THE NANTUCKET FOOD AND WINE EXPERIENCE, AND DAVID GORDON**

**INTRODUCTION**

The Gordon Companies, Inc. ("Gordon Companies") and David Gordon ("Gordon") (collectively, the "Gordon Parties"), hereby respond to the Plaintiffs' Complaint. The Complaint appears to be an effort, along with other actions by the Plaintiff, to prevent the Gordon Parties from competing with the Plaintiffs. The Gordon Parties are free to hold their own event on the same dates as the Plaintiffs may choose to hold the 2025 festival if the Plaintiffs secure a venue to do so. The Plaintiffs do not own a monopoly on a wine event on Nantucket island, they do not have exclusive right to any dates on the calendar, and they do not own the use of the word Nantucket or the whale graphic being utilized for the Gordon Parties' event. The Gordon Companies have already voluntarily retracted the statements which form the primary grounds for the Plaintiffs' claims. They have also changed their event's name, website, and logo to differentiate their new event from the Plaintiffs and to address the claimed confusion between the Plaintiffs' festival and the Gordon Parties' inaugural 2025 event. The Defendants deny the harm

and confusion alleged by the Plaintiffs, particularly given that any such festival potentially to be held by the Plaintiffs is in the distant future and any ticket sales would not commence until sometime in 2025, coupled with the fact that the Gordon Parties promptly retracted the statements at issue prior to the lawsuit, and also now have altered their event name and logo to further differentiate the two events.  Gordon never sought to "take over" or "take control" of the festival from Ms. Bean who had been a minority owner of the LLC "without paying fair value," as alleged.  Rather, in 2022 and for parts of 2023, the Plaintiff, Ms. Bean, led the Gordon Parties to believe that she was working with them in good faith to enable the Gordon Parties to become a co-owner of the festival with her.  It was during these discussions Ms. Bean revealed that she was having trouble with one of her other owners who reportedly was experiencing financial and legal troubles.  Ms. Bean led the Gordon Parties to believe that by working with her to resolve her issues with another owner of the LLC and that if they provided her with valuable services and financial resources, the Gordon Parties would become partners with her in the LLC, or form a new company to then own the festival.  Ms. Bean talked with Gordon about buying out the other members of the LLC.  Ms. Bean said that after the 2022 festival, she would partner with the Gordon Parties if they assisted her in acquiring one of the other member's shares.  To the knowledge of the Gordon Companies, Ms. Bean directly handled all negotiations with the other member about buying out his interest, which as stated above would then be made available to them at a mutually agreed value.  These negotiations to buy back the other member's interests were not handled by the Gordon Companies or its counsel, Attorney Todd Goldberg.  Ms. Bean, through the LLC, convinced Gordon Companies to lend her $55,000 which she represented would enable her to buyout the other member's interest in order that the Gordon Parties then become an owner of the LLC and the festival.  Instead, once Ms. Bean accomplished her goal of

becoming majority owner, she sought to relegate the Gordon Parties to be a sponsor of the festival rather than a co-owner, at which point the Gordon Parties decided to create a new and separate event on Nantucket independent of the Plaintiffs.  The Gordon Parties further respond to the Plaintiffs' Complaint, paragraph by paragraph below.

1.      The Gordon Parties deny the allegations in Paragraph 1 of the Complaint, except that the Gordon Parties do not deny the content of certain press releases and emails on June 17, 2024 which speak for themselves.  Further answering, between June 18, 2024 and June 21, 2024, the Gordon Parties clarified in emails and other widely disseminated published statements that it had not purchased the Nantucket Wine & Food Festival.  Beginning on June 18, 2024, the Gordon Parties clarified that they had "not purchased any festival", and that they were in no way "affiliated with any other event or festival on Nantucket", and apologized for any confusion. Thereafter, in additional emails on June 20, 2024 and June 21, 2024, the Gordon Parties clarified that it had "not purchased, acquired, or rebranded the previously existing" Nantucket Wine & Food Festival which it acknowledged "has been operated by a still operating entity which is not affiliated with The Gordon Companies in any way."  The email further confirmed that the Gordon Parties Experience was not in any way affiliated with the Nantucket Wine & Food Festival, and rather "this is the first of what we know will be an annual new food and wine experience, the likes of which has never been on Nantucket before."  Also on June 21, 2024, the Gordon Parties sought to ensure that those who might have received the June 17, 2024 statements then also received the corrective announcement which confirmed that the Gordon Parties' event was a new event and that the Gordon Parties had not purchased, acquired, or rebranded the previously existing festival which was still being operated by a different entity not affiliated with The Gordon Companies in any way, and specifically the announcement

confirmed, again, that the Gordon Parties Experience was "not affiliated with" the Festival. Rather, the new event was what The Gordon Companies hoped to "be an annual new food and wine experience on Nantucket."  With regard to the final sentence in Paragraph 1 concerning the "save the date announcement" for the 2025 festival, the first save the date announcement received by The Gordon Companies concerning the 2025 Festival occurred on the evening of June 14, 2024 after Mr. Gordon had already communicated to Ms. Bean that the 2025 Experience would be held at The White Elephant on May 14 – 18, 2025.

2.      The Gordon Parties acknowledge that they issued corrective statements about the purchase of the festival, but deny that they did not cure any alleged erroneous statements, and further deny that the corrective statements were only sent to a "limited audience."  The Gordon Parties are without knowledge or information sufficient to form a belief as the truth of the allegations concerning the alleged inquiries to the Plaintiffs.  The Gordon Parties deny that they did not act in good faith concerning the alleged corrective statements, and further deny the remaining allegations contained in Paragraph 2 of the Complaint.  Prior to the commencement of this lawsuit, through their counsel, Plaintiffs requested that certain statements contained within the June 17, 2024 announcements be corrected, and that is just what the Gordon Parties then did between June 18 and June 21.  Further answering, rather than attempting to eliminate any alleged confusion, the Gordon Parties believe that the allegations set forth in the Complaint and the actions taken by Ms. Bean and others acting for her, including use of the media coverage since the retractions were issued, are an attempt by the Plaintiffs to prevent the Gordon Parties from competing with the 2025 Festival.  Plaintiffs have actively used the allegations in the Complaint to repeat the statements about which they continue claim cause confusion, but which were retracted by June 21, 2024.

3.      The Gordon Companies deny the allegations contained in Paragraph 3 of the Complaint.  Further answering, from what Ms. Bean advised the Gordon Parties, the finances of the LLC and the festival were in disarray due to a member's financial improprieties.  Ms. Bean indicated that she may not continue with the festival, and that she was considering forming another company to own the festival.  Further answering, in all of the communications between Ms. Bean and Gordon, she referred to Gordon in 2022 and some parts of 2023 as a partner and investor, and not someone planning to "take over" the festival as alleged.  Moreover, to the Gordon Companies' knowledge, at various times in 2021 and thereafter, Ms. Bean engaged the services of at least two attorneys who were not Attorney Goldberg who was counsel to the Gordon Companies.  Further answering, to the Gordon Companies' knowledge, information, and belief, Ms. Bean never engaged Attorney Goldberg to provide her or the LLC with legal advice.

4.      The Gordon Parties deny the allegations contained in Paragraph 4 of the Complaint, except the Gordon Companies admit that Ms. Bean at one point owned a minority interest in the LLC, but now owns a majority interest in the LLC.  Further answering, and as set forth in response to Paragraph 2 above, the Gordon Companies have retracted the statements at issue.

5.      The Gordon Companies deny the allegations contained in Paragraph 5 of the Complaint.

6.      The Gordon Parties admit that the LLC is a Massachusetts limited liability company with the majority owner now being the other Plaintiff, Ms. Bean.

7.      The Gordon Parties admit the allegations contained in Paragraph 7 of the Complaint.

8.      The Gordon Parties admit the allegations contained in Paragraph 8 of the Complaint.

9.      The Gordon Parties admit the allegations contained in Paragraph 9 of the Complaint.

10.     The Gordon Parties admit the first sentence of Paragraph 10 of the Complaint. The Gordon Parties deny the allegations in the second sentence of Paragraph 10 of the Complaint as it relates to the Gordon Parties.

11.     The Gordon Parties admit that Todd Goldberg is an attorney with whom the Gordon Parties have an attorney-client relationship.  The Gordon Parties deny the remaining allegations contained in Paragraph 11 of the Complaint.  Further answering, to the knowledge, information, and belief of the Gordon Parties, neither Plaintiff ever retained Attorney Goldberg to provide either with any legal services or advice.  Rather, any communications with Attorney Goldberg were as counsel for the Gordon Parties.

12.     The allegations contained in Paragraph 12 of the Complaint are a summary of the Plaintiffs claims, and do not require an answer by the Gordon Parties.  The Gordon Parties deny the validity of the Plaintiffs' claims.

13.     The allegations contained Paragraph 13 of the Complaint are a conclusion of law and do not require an answer by the Gordon Parties.

14.     The allegations contained Paragraph 14 of the Complaint are a conclusion of law and do not require an answer by the Gordon Parties.

15.     The Gordon Parties have not disputed the jurisdiction of this Court.

16.     The Gordon Parties have not disputed the jurisdiction of this Court.

17.     The Gordon Parties have not disputed the venue of this Court.

18.     The Gordon Parties admit that the Festival has been held on the island of
Nantucket for many years, but deny it has been an annual event.  To the knowledge of the
Gordon Parties, the event did not occur in 2020 or 2021.  Further answering, the Gordon Parties
are without information sufficient to form a belief as to the truth of the remaining allegations
contained in Paragraph 18 of the Complaint, except the Gordon Parties admit that when the
Festival has been held, it has been held at a variety of venues around the island.  The Gordon
Parties are aware that contracts have been signed the last couple of years to hold the Festival at
the White Elephant, and routinely that contract was not signed until a few months before the
scheduled Festival.

19.     The Gordon Parties are without information sufficient to form a belief as to most
of the allegations contained in Paragraph 19 of the Complaint and, therefore, deny the same,
except the Gordon Parties admit that after many years of the event having been owned by others,
Ms. Bean at one point obtained a partial ownership interest in the LLC which operates the
Festival and recently with the monetary assistance of the Gordon Companies, became the
majority owner of the LLC.  From what Ms. Bean represented to the Gordon Companies, she did
not actually invest $1 million in the LLC, but rather that amount included her estimated value of
services she provided to the LLC.

20.     The Gordon Parties are without information sufficient to form a belief as to the
truth of the allegations contained in Paragraph 20 of the Complaint.

21.     The Gordon Parties are without information sufficient to form a belief as to the
truth of the allegations contained in Paragraph 21 of the Complaint.

22.     The Gordon Parties are unaware of whether the Plaintiffs have continuously used
the marks as alleged, although they do not deny that they are aware that they have been used by

the Plaintiffs and otherwise deny the remaining allegations contained in Paragraph 22 of the Complaint.

23.     The Gordon Parties admit that they operate a small chain of retail liquor stores known as Gordon's Liquors which attracts fine wine buyers, and further admit that it owns Baker's Best Catering, which is a corporate catering service.  The Gordon Companies deny that it is a distributor or focuses on big box businesses.

24.     The Gordon Parties admit that David Gordon is the President of the Gordon Companies.

25.     The Gordon Parties admit that discussions began between David Gordon and Ms. Bean about him becoming an owner of the LLC in early 2022.

26.     The Gordon Parties deny the first sentence of Paragraph 26 of the Complaint. The Gordon Parties deny the allegations in the second sentence of Paragraph 26 of the Complaint, but do not deny receiving some financial information from Ms. Bean about the LLC at the time Ms. Bean indicated she was agreeable to pursuing a partnership with the Gordon Parties.

27.     The Gordon Parties are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.  Further answering, the Gordon Parties admit that they aware that the Festival has sometimes been held at the White Elephant, including that it has been held at the White Elephant under contract for the years 2022 through 2024, and which contracts were usually entered into months preceding each Festival.

28.     The Gordon Parties admit that Exhibit A to the Complaint is a contract dated February 2, 2024, and which contract speaks for itself.

29.     The Gordon Parties admit that Paragraph 29 of the Complaint appears to accurately quote from a portion of the agreement referenced.

30.     The first sentence of Paragraph 30 of the Complaint is a legal conclusion which does not require an answer from the Gordon Parties.  The second sentence of Paragraph 30 of the Complaint appears to accurately quote from a portion of the agreement.  The Gordon Parties are without information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 30 of the Complaint and, therefore, deny same.

31.     The Gordon Parties admit that it received a few such recent annual contracts when the Gordon Parties believed that Ms. Bean was interested in forming a partnership with the Gordon Parties.

32.     The Gordon Parties admit that the festival occurred in May, 2024, but is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, therefore, deny same.

33.     The Gordon Parties deny the allegations contained in Paragraph 33 of the Complaint.

34.     The Gordon Parties deny the allegations contained in Paragraph 34 of the Complaint.  Further answering, the Gordon Parties deny that they ever attempted to take over the LLC from Ms. Bean, and instead believe that Mr. Bean led the Gordon Parties to believe that they would become a part owner in the LLC when she was a minority owner of the LLC, but thereafter becoming the majority owner, decided that she no longer needed the Gordon Parties, and relegated the Gordon Companies to be merely a sponsor of the event.  Further answering, the Gordon Parties admit that the Gordon Companies hired a former employee of the LLC.

35.     The Gordon Parties deny the allegations contained in Paragraph 35 of the Complaint.  Ms. Bean had repeatedly represented to the Gordon Parties that they would become a part owner of the LLC once another member with financial difficulties had ceased being a member of the LLC, but after acquiring that member's ownership interest in the LLC, Ms. Bean relegated the Gordon Companies to merely be a sponsor of the event.

36.     The Gordon Companies are without information sufficient to form a belief as to most of the allegations contained in Paragraph 36 of the Complaint and, therefore, deny the same, other than the Gordon Parties admit that on the evening of June 14, 2024, they did receive a save the date email.

37.     The Gordon Parties are without information sufficient to form a belief as to most of the allegations contained in Paragraph 37 of the Complaint and, therefore, deny same, other than from all published accounts, the Plaintiffs intend to hold their 2025 Festival at an unknown future venue.

38.     The Gordon Parties deny the allegations contained in Paragraph 38 of the Complaint, although they admit that Exhibit B is a screenshot of a portion of a release issued by the Gordon Parties, which was later retracted.

39.     The Gordon Parties admit the allegations contained in Paragraph 39 of the Complaint.

40.     The Gordon Parties deny the allegations contained in Paragraph 40 of the Complaint, but admit the content published of Exhibit C to the Complaint.  Further answering, the dates chosen for the Gordon Parties' event are not protected dates, nor do the Plaintiffs have monopoly ownership on these dates to host an event in Nantucket.

41.     The Gordon Companies deny the allegations contained in Paragraph 41 of the Complaint, although they admit that Exhibit C to the Complaint is a press release, but which speaks for itself.

42.     The Gordon Parties deny the allegations contained in Paragraph 42 of the Complaint, although they admit the content of Exhibits B and C to the Complaint which speak for themselves.

43.     The Gordon Parties deny the allegations contained in Paragraph 43 of the Complaint, although they admit the content of Exhibits B and C to the Complaint which speak for themselves.

44.     The Gordon Companies deny the allegations contained in Paragraph 44 of the Complaint, and within a day of its initial release, had issued a clarification that it had not purchased the Festival, and instead had partnered with the White Elephant to produce a "new event" not affiliated with any other event or festival on Nantucket, and within days of the initial press release, further retracted the content of the June 17, 2024 releases which were incorrect.

45.     The Gordon Parties deny the allegations contained in Paragraph 45 of the Complaint, but do not dispute the content of Exhibits B and C to the Complaint, which speak for themselves, and do not dispute the definition offered by the Plaintiffs.

46.     The Gordon Parties deny the allegations contained in Paragraph 46 of the Complaint, but do not dispute that what is now First Annual Food and Wine Experience of the Gordon Parties is a new event which in no way is affiliated with the Plaintiffs' Festival.

47.     The Gordon Parties admit that the First Annual Food and Wine Experience will be held on May 14 through May 18, 2025 at the White Elephant.  Further answering, the Gordon Parties admit that for the past three years, in the months leading up to the Festival, the LLC

would enter into term contracts with the White Elephant to host the Festival for that particular year, and that after being advised of the Gordon Parties' new Food and Wine Experience on June 14, 2025, the Plaintiffs then sent out a save the date announcement for the 2025 Festival as received by the Gordon Parties.

48.     The allegations contained in Paragraph 48 of the Complaint do not pertain to the Gordon Parties and, therefore do not require an answer.  To the extent such allegations require an answer, the Gordon Parties deny the allegations.

49.     The allegations contained in Paragraph 49 of the Complaint do not pertain to the Gordon Parties and, therefore do not require an answer.  To the extent such allegations require an answer, the Gordon Parties deny the allegations.  Further answering, the allegations contained in Paragraph 49 of the Complaint are legal conclusions which do not require an answer.

50.     The Gordon Parties admit that their retractions and clarifications have confirmed that they never purchased or acquired the Festival from Bean, and that the Festival still operates and is not affiliated in any way with the Gordon Parties or the first annual Food and Wine Experience being hosted by the Gordon Parties at the White Elephant on May 14 through May 18, 2025.

51.     The Gordon Parties are without information sufficient to form a belief as to the truth of the allegations contained in the first two sentence of Paragraph 51 of the Complaint.  The Gordon Parties deny the allegations contained in the third sentence of Paragraph 51 of the Complaint, and have issued clarifications and retractions concerning the same.

52.     The Gordon Parties admit issuing the clarification set forth in Paragraph 52 of the Complaint on June 18, 2024.

53.     The Gordon Parties admit issuing the clarification quoted from in Paragraph 53 of the Complaint on June 18, 2024, and deny entering into any form of media blitz, and make all necessary effort to issue not only the June 18th clarification, but further clarifications and retractions on June 20 and June 21, 2024, which confirmed that the Gordon Parties had not purchased, acquired, or rebranded the Festival, and to be held by the Gordon Parties, now known as the First Annual First and Wine Experience, and was not affiliated in any way with the Plaintiffs.

54.     The Gordon Parties deny the allegations contained in Paragraph 54 of the Complaint, and their clarifications and retractions issued between June 18, 2024 and June 21, 2024 confirmed that the Gordon Parties' event was a new event, and that it had not purchased, acquired, or rebranded the Festival, which has been operated by a still operating entity, and which was not affiliated with the Gordon Parties in any way, and further confirm that the Gordon Parties' Experience was not affiliated in any way with the Festival, and rather was a new annual Food and Wine Experience.

55.     The Gordon Parties deny the allegations contained in Paragraph 55 of the Complaint.

56.     The Gordon Parties deny the allegations contained in Paragraph 56 of the Complaint.

57.     The Gordon Parties deny the allegations contained in Paragraph 57 of the Complaint.  Further answering, after taking advantage of the Gordon Parties' financial resources and assistance Ms. Bean used to acquire the interest of another member of the LLC, thereby becoming the majority owner of the LLC, Ms. Bean ceased her discussions with the Gordon

Parties about becoming a co-owner of the Festival, and instead attempted to relegate the Gordon Companies to merely being a sponsor of the Festival.

58.     The Gordon Parties deny the allegations contained in Paragraph 58 of the Complaint.  Further answering, the Gordon Parties have redesigned the logo and website for the First Annual Food and Wine Experience to further differentiate itself from the Festival website.

59.     The Gordon Parties admit the website location and that the screenshot is an accurate depiction of a portion of the website.

60.     In response to Paragraph 60 of the Complaint, the Gordon Parties admit the former location of what had then been known as the Nantucket Food and Wine Experience, but which is no longer the domain for the Gordon Parties' event.  The Gordon Parties' First Annual Food and Wine Experience has a new logo and domain website located at https://foodandwinenantucket.com.  The first Annual Food and Wine Experience website continues to confirm that it "has not purchased, acquired, or rebranded the previously existing Nantucket Wine & Food Festival, which has been operated by a still operating entity which is not affiliated with the Gordon Companies in any way.  The Food and Wine Experience is also not affiliated with the Nantucket Wine & Food Festival."

61.     In response to Paragraph 61 of the Complaint, the Gordon Parties admit the former location of what had then been known as the Nantucket Food and Wine Experience, but which is no longer the domain for the Gordon Parties' event.  The Gordon Parties' First Annual Food and Wine Experience has a new logo and domain website located at https://foodandwinenantucket.com.  The first Annual Food and Wine Experience website continues to confirm that it "has not purchased, acquired, or rebranded the previously existing Nantucket Wine & Food Festival, which has been operated by a still operating entity which is

not affiliated with the Gordon Companies in any way.  The Food and Wine Experience is also not affiliated with the Nantucket Wine & Food Festival."  Further answering, the logo contained in Paragraph 61 of the Complaint appears to be the Plaintiffs' logo and in way be confused with the Gordon Parties' logo.

62.     The Gordon Parties do not deny that Paragraph 62 contains an accurate copy of a former logo and name for the Experience, but denies the allegations about that logo and name. Further answering, the Gordon Parties have completely changed the color and location of their whale logo, which in no way can be confused with the Plaintiffs' cork screw logo.

63.     The Gordon Parties deny the allegations contained in Paragraph 63 of the Complaint.  Further answering, the current domain website for the Gordon Parties' 2025 Experience, www.foodandwinenantucket.com/correction, continues to confirm that the Gordon Parties had not purchased, acquired, or rebranded the previously existing Nantucket Wine & Food Festival which has been operated by a still operating entity, which is not affiliated with the Gordon Company in any way, and that the First Annual Food and Wine Experience was not affiliated in any way with the Nantucket Wine & Food Festival.

64.     The Gordon Parties deny the allegations contained in Paragraph 64 of the Complaint, but do not deny that a portion of Paragraph 64 of the Complaint contains a screenshot of a former website which no longer operates.  Further answering, the current Gordon Parties' domain website for the 2025 First Annual Food and Wine Experience is www.foodandwinenantucket.com/correction, and which continues to confirm that the Gordon Parties had not purchased, acquired, or rebranded the previously existing Nantucket Wine & Food Festival which has been operated by a still operating entity, which is not affiliated with the

Gordon Company in any way, and that the First Annual Food and Wine Experience was not affiliated in any way with the Nantucket Wine & Food Festival.

65.     The Gordon Parties deny the allegations contained in Paragraph 65 of the Complaint, but do not deny that a portion of Paragraph 65 of the Complaint contains a screenshot of a former website which no longer operates.  Further answering, the current Gordon Parties' domain website for the 2025 First Annual Food and Wine Experience is

www.foodandwinenantucket.com/correction, and which continues to confirm that the Gordon Parties had not purchased, acquired, or rebranded the previously existing Nantucket Wine & Food Festival which has been operated by a still operating entity, which is not affiliated with the Gordon Company in any way, and that the First Annual Food and Wine Experience was not affiliated in any way with the Nantucket Wine & Food Festival.

66.     The Gordon Parties deny the allegations contained in Paragraph 66 of the Complaint.

67.     The Gordon Companies deny the allegations concerning the "limited means vaguely stating" but otherwise admit issuing the correction quoted from in Paragraph 67 of the Complaint.

68.     The Gordon Companies deny the allegations contained in Paragraph 68 of the Complaint, but do not deny the content of the June 21, 2024 correction.

69.     The Gordon Parties admit that a former website had issued corrections and clarifications between June 18, 2024 and which continued until on or about July 22, 2024 when the old domain website was taken down, and the new domain website,

www.foodandwinenantucket.com/correction/, was launched.

70.     The Gordon Parties deny the allegations contained in Paragraph 70 of the Complaint.  Further answering, the Gordon Parties have no knowledge of what are the "ongoing plans" for the Festival, and if the Festival has even secured a venue for a future such Festival.

71.     The Gordon Parties admit that they have issued retractions beginning on June 18, 2024, and which continued through the present date, including the retractions and clarifications being carried on its current domain website, www.foodandwinenantucket.com/correction/. Further answering, the Gordon Parties deny the remaining allegations contained in Paragraph 71 of the Complaint.

72.     The Gordon Parties deny the allegations contained in the first sentence of Paragraph 72 of the Complaint.  The Gordon Parties are without information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 72 of the Complaint.

73.     The Gordon Parties deny the allegations contained in Paragraph 73 of the Complaint, and deny that the Plaintiffs have been damaged by the actions of the Gordon Parties about which they complain.  Upon the knowledge, information, and belief of the Gordon Parties, the Plaintiffs have actively used the commencement of the lawsuit for their own benefit, for the media coverage of the filing of the lawsuit, as well as their ongoing efforts on the island of Nantucket in an effort to attempt to prevent the Gordon Parties from hosting the First Annual Food and Wine Experience in 2025.

74.     The Gordon Parties deny the allegations contained in Paragraph 74 of the Complaint, and deny that the Plaintiffs have been damaged by the actions of the Gordon Parties about which they complain.  Upon the knowledge, information, and belief of the Gordon Parties, the Plaintiffs have actively used the commencement of the lawsuit for their own benefit, for the

media coverage of the filing of the lawsuit, as well as their ongoing efforts on the island of

Nantucket in an effort to attempt to prevent the Gordon Parties from hosting the First Annual

Food and Wine Experience in 2025.

75.     The Defendants reallege and incorporate by reference herein their responses to

Paragraphs 1 through 74 above.

76.     The Gordon Companies deny the allegations contained in Paragraph 76 of the

Complaint, but do not deny the content of Exhibits B and C to the Complaint.

77.     The Gordon Parties deny the allegations contained in Paragraph 77 of the

Complaint.

78.     The Gordon Parties deny the allegations contained in Paragraph 78 of the

Complaint.

79.     The Gordon Parties deny the allegations contained in Paragraph 79 of the

Complaint.

80.     The Gordon Parties deny the allegations contained in Paragraph 80 of the

Complaint.

81.     The Gordon Parties deny the allegations contained in Paragraph 81 of the

Complaint.

82.     The Gordon Parties deny the allegations contained in Paragraph 82 of the

Complaint.

83.     The Defendants reallege and incorporate by reference herein their responses to

Paragraphs 1 through 82 above.

84.     The allegations contained in Paragraph 84 of the Complaint are a conclusion of law to which no answer is required by the Gordon Companies.  The Gordon Companies do not deny being in business in Massachusetts.

85.     The Gordon Parties deny the allegations contained in Paragraph 85 of the Complaint.

86.     The Gordon Parties deny the allegations contained in Paragraph 86 of the Complaint.

87.     The Gordon Parties admit receiving a letter from Plaintiffs' counsel dated June 19, 2024, the terms of which speak for itself.  Further answering, per the June 19 letter, the Gordon Parties retracted the statements requested.

88.     The Gordon Parties deny the allegations contained in Paragraph 88 of the Complaint.

89.     The Gordon Parties deny the allegations contained in Paragraph 89 of the Complaint.

90.     The Gordon Parties deny the allegations contained in Paragraph 90 of the Complaint.

91.     The Gordon Parties deny the allegations contained in Paragraph 91 of the Complaint.

92.     The Defendants reallege and incorporate by reference herein their responses to Paragraphs 1 through 91 above.

93.     The Gordon Parties deny the allegations in the first sentence of Paragraph 93 of the Complaint and deny that it is a strong and distinctive logo.  The Gordon Parties are without

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint and, therefore, deny same.

94.     The Gordon Parties are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint and, therefore, deny same.

95.     The Gordon Parties deny the allegations contained in Paragraph 95 of the Complaint.  Further answering, the Gordon Companies' event was renamed by at least July 23, 2024, and thus the allegations in Paragraph 95 of the Complaint are further denied.

96.     The Gordon Parties admit that they operate liquor stores, but deny the remaining characterizations contained in Paragraph 96 of the Complaint.

97.     The Gordon Parties deny the allegations contained in Paragraph 97 of the Complaint.

98.     The Gordon Parties deny the allegations contained in Paragraph 98 of the Complaint.

99.     The Gordon Parties deny the allegations contained in Paragraph 99 of the Complaint.

100.    The Defendants reallege and incorporate by reference herein their responses to Paragraphs 1 through 99 above.

101.    The allegations contained in Paragraph 101 of the Complaint do not require an answer by the Gordon Parties.

102.    The allegations contained in Paragraph 102 of the Complaint do not require an answer by the Gordon Parties.

103.    The allegations contained in Paragraph 103 of the Complaint do not require an answer by the Gordon Parties.

104.     The allegations contained in Paragraph 104 of the Complaint do not require an answer by the Gordon Parties.

105.     The allegations contained in Paragraph 105 of the Complaint do not require an answer by the Gordon Parties.

106.     The allegations contained in Paragraph 106 of the Complaint do not require an answer by the Gordon Parties.

107.     The Defendants reallege and incorporate by reference herein their responses to Paragraphs 1 through 106 above.

108.     While the Gordon Parties admit that they had received a copy of the 2024 agreement at issue, they deny the remaining allegations contained in Paragraph 108 of the Complaint.

109.     The Gordon Parties deny the allegations contained in Paragraph 109 of the Complaint.

110.     The Gordon Parties deny the allegations contained in Paragraph 110 of the Complaint.

111.     The Gordon Parties deny the allegations contained in Paragraph 111 of the Complaint.

112.     The Defendants reallege and incorporate by reference herein their responses to Paragraphs 1 through 111 above.

113.     The Gordon Parties are aware of some of the prior history of the festival, and understand that the Plaintiffs previously had some agreements with third parties, and that it is the Plaintiffs' publicly stated intention to hold a festival in 2025, but otherwise deny the remaining allegations contained in Paragraph 113 of the Complaint.

114.    The Gordon Parties deny the allegations contained in Paragraph 114 of the Complaint.

115.    The Gordon Parties deny the allegations contained in Paragraph 115 of the Complaint.

116.    The Gordon Parties deny the allegations contained in Paragraph 116 of the Complaint.

117.    The Defendants reallege and incorporate by reference herein their responses to Paragraphs 1 through 116 above.

118.    The Gordon Parties deny the allegations contained in Paragraph 118 of the Complaint.

119.    The Gordon Parties deny the allegations contained in Paragraph 119 of the Complaint.

120.    The Gordon Parties deny the allegations contained in Paragraph 120 of the Complaint.

121.    The Defendants reallege and incorporate by reference herein their responses to Paragraphs 1 through 120 above.

122.    The Gordon Parties deny the allegations contained in Paragraph 122 of the Complaint.

123.    The Gordon Parties deny the allegations contained in Paragraph 123 of the Complaint.

124.    The Gordon Parties deny the allegations contained in Paragraph 124 of the Complaint.

125.    The Gordon Parties deny the allegations contained in Paragraph 125 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The Gordon Parties have not caused the Plaintiffs any damages.

### THIRD AFFIRMATIVE DEFENSE

The damages claimed by the Plaintiffs were caused, if at all, by others for whom the Gordon Parties are not responsible.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs have not sustained any cognizable damages for which the Gordon Parties are responsible.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs have not sustained any irreparable harm caused by the Gordon Parties.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs', one or both, claims are barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs', one or both, claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs, one or both, lack standing to assert some or all of the causes of action.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiffs', one or both, claims, are barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiffs', one or both, claims should be barred by their unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs, one or both, have released their claims against the Gordon Parties.

GORDON COMPANIES, INC., d/b/a The
Nantucket Food and Wine Experience, and
DAVID GORDON

By its Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: July 29, 2024

_/s/ Dennis E. McKenna_____
Dennis E. McKenna, BBO No. 556428
Riemer & Braunstein LLP
100 Cambridge Street, 22nd Floor
Boston, Massachusetts 02114
(617) 880-3454
dmckenna@riemerlaw.com

## CERTIFICATE OF SERVICE

I, Dennis E. McKenna, Esquire, hereby certify that on this 29th day of July, 2024, I caused a true and accurate copy of the foregoing document to be served by email upon the following:  Barry S. Pollack, Esquire, bpollack@psdfirm.com, Mary L. Nguyen, Esquire, mnguyen@psdfirm.com, Pollack Solomon Duffy LLP, 31 St. James Ave., Suite 940, Boston, MA  02116; Derek B. Domian, Esquire, ddomian@goulstonstorrs.com, Andrew T. O'Connor, Esquire, aoconnor@goulstonstorrs.com, Molly M. Quinn, Esquire, mquinn@goulstonstorrs.com, Goulston & Storrs PC, One Post Office Square, Boston, MA  02109.

_/s/ Dennis E. McKenna_____
Dennis E. McKenna

4014033.1