UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NANTUCKET WINE & FOOD FESTIVAL, LLC, and NANCY BEAN,<br><br>Plaintiffs,<br><br>v.<br><br>GORDON COMPANIES, INC. d/b/a THE NANTUCKET FOOD AND WINE EXPERIENCE, DAVID GORDON, WHITE ELEPHANT HOTEL LLC, and TODD GOLDBERG,<br><br>Defendants. | Civil Action No. 1:24-cv-11640-LTS |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' RESPONSE TO COURT ORDER**

Plaintiffs The Nantucket Wine & Food Festival, LLC and Nancy Bean respectfully submit this objection to Defendants' response to the Order of the Court expediting discovery and approving Plaintiffs' four targeted categories of discovery requests.

Plaintiffs object to Defendants' six overbroad categories of documents, which fail to focus on preliminary injunction issues and appear instead improperly directed toward (1) the entirety of the litigation; (2) gaining competitive advantages in plans for 2025 events; and, (3) attorney-client communications and work product-protected materials. Defendants' requests are overbroad for the preliminary injunction phase, are disproportionate to the needs of the case, and target attorney-client communications, the attorney-client relationship, and work product.

With respect to overbreadth of the proposed requests in Defendants' Response, remarkably, after fighting against any need for discovery into their wrongdoing, Defendants ask for, among other broad categories, all documents concerning actions taken by Plaintiffs toward their 2025 festival. The festival's business has long been Ms. Bean's livelihood and consumes

most of her waking days. Undoubtedly, gaining access to every single work-related document for Ms. Bean since she started planning, by May 2024, for 2025 would help Defendants continue to exploit her business, but that would hardly advance targeted preliminary injunction issues.

In the proposed discovery requests in their Response, Defendants also focus oddly on counsel of record for Ms. Bean and several topics riddled with attorney-client communications, including his work with a public relations expert in the context of the corporate crisis caused by Defendants' false media blitz. Similarly, in their Initial Disclosure, Defendant White Elephant identifies lead counsel for Plaintiffs as a fact witness because of his reference in a declaration to a public petition and survey work done by a retained consultant. In connection with litigation, however, counsel is permitted to engage, as a matter of work product, a public relations expert to guide statements to the media and protect the communications between them. *In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 221 (S.D.N.Y. 2001) (denying motion to compel communications with public relations crisis consultant when litigant "retained RLM to make sure that its public statements would not result in further exposure in the litigation which grew out of the copper trading scandal," finding "such documents are protected by work-product immunity"). In addition, the modern Rule 26(b)(4)(C) extends the protection afforded communications with non-testifying expert consultants to protection over communications between a party's counsel and a potentially testifying expert witness:

> *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses*. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
> (i) relate to compensation for the expert's study or testimony;
> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(C).

It would be odd to allow Defendants, after their creation of a public relations nightmare through a false media blitz claiming they acquired Plaintiff's business, to focus on piercing an opposing parties' work product communications, let alone at the preliminary injunction stage. Perhaps this approach is a variation on the old adage: if the facts are bad, and the law is bad, and a plaintiff is sympathetic, focus on her counsel. Plaintiffs are <u>not</u> seeking a ruling on objections at this time, but they seek to avoid the possibility of any assumption of their acquiescence in the scope of the requests. For now, Plaintiffs merely ask that the Court refrain from any ruling that would deprive Plaintiffs of the opportunity to assert fundamental objections to Defendants' improperly broad and harassing discovery requests, so that the parties can still meet and confer about those issues while focusing on the critical matters at issue for the anticipated preliminary injunction hearing.

    Respectfully submitted,

    PLAINTIFFS,
    By their attorneys,

    <u>*/s/Barry S. Pollack*</u>
    Barry S. Pollack (BBO #642064)
    Mary L. Nguyen (BBO #690395)
    Pollack Solomon Duffy LLP
    31 St. James Ave., Suite 940
    Boston, MA 02116
    Tel:  617-439-9800
    Fax: 617-960-0490
    bpollack@psdfirm.com
    mnguyen@psdfirm.com

Dated: September 19, 2024

## **Certificate of Service**

The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF September 19, 2024.

<u>*/s/Barry S. Pollack*</u>