UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE NANTUCKET WINE & FOOD FESTIVAL, LLC, and NANCY BEAN,<br><br>   Plaintiffs,<br><br>   v.<br><br>GORDON COMPANIES, INC. d/b/a THE NANTUCKET FOOD AND WINE EXPERIENCE, DAVID GORDON, and TODD GOLDBERG,<br>   Defendants. | Civil Action No. 1:24-cv-11640-LTS |

**PLAINTIFFS' REPLY TO THE GORDON PARTIES' SUPPLEMENTAL OPPOSITION TO THE MOTION FOR A PRELIMINARY INJUNCTION**

PLAINTIFFS THE NANTUCKET WINE & FOOD
FESTIVAL, LLC, AND NANCY BEAN
By their attorneys,
Barry S. Pollack (BBO #642064)
Peter Duffy (BBO #566682)
Mary L. Nguyen (BBO #690395)
Pollack Solomon Duffy LLP
31 St. James Ave., Suite 940
Boston, MA 02116
Tel:  617-439-9800
Fax: 617-960-0490
bpollack@psdfirm.com
mnguyen@psdfirm.com
pduffy@psdfirm.com

## Discussion

### I. The Gordon Parties Have Refused to Correct their False Disparagement of Plaintiffs and the Confusion that Still Exists.

Despite the overwhelming record of the Gordon Parties' deliberately false and disparaging announcements of an acquisition and rebranding of Plaintiffs' business, the Gordon Parties' opposition fails to take accountability for the scope of those announcements or the ongoing consequences from them. The record shows that the Gordon Parties engaged in deception to get the domain name they wanted, used false statements and commercial disparagement to make their festival look like the real festival, and manipulated the town into believing that Plaintiffs would no longer be applying for permits for a festival. In supplemental briefing, Gordon takes no accountability for his extensive personal role and, at his deposition, still blamed everyone else. While White Elephant agreed, just this week, not to provide its venue to the Gordon Parties in May 2025 or May 2026 (Dkt. 89), Gordon Parties have refused to take corrective actions, as set forth in Plaintiffs' Proposed Preliminary Injunction Order at Exhibit A.

The scope of Gordon Parties' false and disparaging statements exceeds what they acknowledge in their supplemental papers. They disseminated statements about an acquisition and rebranding to industry participants through press releases and mass emails across trade journals and media outlets that have tens of thousands of members and subscribers. As the record reflects, the Gordon Parties repeated these false and disparaging statements to other prominent festival constituents by direct email and discussions, even after the Gordon Parties supposedly started making corrections. In their supplemental brief, the Gordon Parties ignore the documentary proof that their press releases lasted on the internet for at least three days. By the time the Gordon Parties pulled down press releases, they already reached thousands or tens of thousands of readers who have not received any corrective press release.

With this backdrop, and the White Elephant agreeing to cancel the May 2025 and May 2026 events, the Gordon Parties continue to create confusion. For example, a Google search of "Nantucket," "wine", and "food" generates as its second hit a bold, large font title "Nantucket Food and Wine Experience May 14" and a description that "The Food & Wine Experience is a five-day celebration featuring the world's top vineyards and culinary minds on the picturesque island of Nantucket." A copy of a screenshot of the Google search result is attached hereto as Exhibit B. By itself, this misuse of those domain names, which are confusingly similar to Plaintiffs' business name, serves no legitimate competitive purpose by pointing to Gordon's liquor stores' website, but this would reinforce confusion that the real festival no longer exists.

## II. The Gordon Parties Have Not Made Proper Corrective Disclosures.

In their supplemental papers, the Gordon Parties recognize the need for corrective disclosures, but erroneously claim that they made "prompt, broad, and effective" corrections to address the confusion caused by their false and disparaging statements. They fail to confirm the limited scope of corrections. While Gordon Parties note that certain press releases were "taken down within days," their silence speaks loudly how there were never corrective press releases issued, leaving readers with only the false impressions deliberately created.

Furthermore, the Gordon Parties do not address the misleading language used in their "correction" efforts to date, which referred to the Nantucket Wine & Food Festival as "previously existing," and that it "has been operated" by a still operating entity, which suggests the festival no longer exists. The Gordon Parties also fail to explain how they could have acted in good faith when, after they supposedly started a corrective effort, Gordon repeated the acquisition narrative to others, such as when Ernest Gallo reached out in response to news based on the false press releases. The Proposed Preliminary Injunction Order requires that the Gordon

Parties issue a genuine retraction through the same channels, to return matters more closely to the status quo for Plaintiffs in their efforts to plan, albeit belatedly, for the 2025 festival.

Also in their supplemental papers, the Gordon Parties rely heavily on Plaintiffs' efforts to mitigate the impact of the false statements, thereby implicitly conceding the inadequacy of their own corrective actions. The Gordon Parties point to Plaintiffs' efforts -- such as informing certain festival participants by July 2024 that the Nantucket Wine & Food Festival "was not acquired, not rebranded, and will be returning in 2025," engaging a public relations firm, and sending direct communications to clarify that no acquisition or rebranding occurred. At most Plaintiffs offered a counter-narrative that, as previously described by Bean, left many waiting for a resolution of this dispute to clarify the mess and confusion. This situation warrants a corrective admission of falsity from Gordon Parties as the parties responsible for disseminating the false and disparaging statements. The Proposed Preliminary Injunction Order requires that the Gordon Parties issue this admission as part of genuine corrective disclosures.

### III. The Proposed Preliminary Injunction Order Offers the Least Intrusive Prohibitions that Prevent Irreparable Harm to Plaintiffs.

In response to the Gordon Parties' supplemental brief, the Proposed Preliminary Injunction Order seeks to (1) block further false commercial disparagement of Plaintiffs; (2) require either (a) a corrective disclosure on a web page at nantucketfoodandwine.com and foodandwinenantucket.com, or (b) that those domain names point to the website for the real Nantucket Wine & Food Festival, at nantucketwinefestival.com; and, (3) require the dissemination of the corrective disclosure across the same channels that the Gordon Parties used to issue their original false and disparaging announcements.

As also reflected in the Proposed Preliminary Injunction Order, Plaintiffs have demonstrated several forms of irreparable harm. The Gordon Parties' supplemental brief raises matters about the

town that presents potentially complex causation issues on Plaintiffs' damages claims. The Gordon Parties insinuate that any delays Plaintiffs have faced in securing permits from the Town of Nantucket for the May 2024 event are caused by Plaintiffs' own actions, and are not caused by interference from Gordon Parties. As if the record does not reflect a mess that the Gordon Parties created with town officials, the Gordon Parties claim that both sides have had access to the permitting process and reference assurances that each application would receive independent consideration. The Gordon Parties further suggest that Plaintiffs' actions to mitigate their damages, such as requesting the Select Board to reserve dates and soliciting letters of support, may have negatively influenced the process. As a result, the Gordon Parties have essentially made clear that they will raise the same arguments on causation issues in a trial on damages.

Putting aside the threats to Plaintiffs' reputation, goodwill and entire business, Gordon Parties' factual position affecting causation provides yet another ground on which to find irreparable harm because of the inadequacy of legal remedies for Plaintiffs. "[T]he question whether the plaintiff is likely to suffer irreparable injury may be cast in terms of whether the plaintiff has available a legal remedy adequate to compensate it for its injuries." *Itek Corp. v. First Nat. Bank of Boston*, 566 F. Supp. 1210, 1216 (D. Mass. 1983). Challenges in proving the causation of damages may justify the issuance of an injunction. *Register.com, Inc. v. Verio, Inc*. 356 F.3d 393, 404 (2d Cir. 2004) (holding that "irreparable harm may be found where damages are difficult to establish and measure.")

## Conclusion

Based on the foregoing, Plaintiffs respectfully submit that this Court should enter the Proposed Preliminary Injunction Order.

Dated: November 14, 2024

Respectfully submitted,

PLAINTIFFS THE NANTUCKET WINE & FOOD FESTIVAL, LLC, AND NANCY BEAN
By their attorneys,

*/s/Peter J. Duffy*
Barry S. Pollack (BBO #642064)
Mary L. Nguyen (BBO #690395)
Peter Duffy (BBO #566682)
Pollack Solomon Duffy LLP
31 St. James Ave., Suite 940
Boston, MA 02116
Tel:  617-439-9800
Fax: 617-960-0490
bpollack@psdfirm.com
mnguyen@psdfirm.com
pduffy@psdfirm.com

**Certificate of Service**

The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF November 14, 2024.

*/s/Peter J. Duffy*