

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| THE NANTUCKET WINE & FOOD FESTIVAL, LLC, and NANCY BEAN,<br><br>Plaintiffs,<br><br>v.<br><br>GORDON COMPANIES, INC. d/b/a THE NANTUCKET FOOD AND WINE EXPERIENCE, DAVID GORDON, and WHITE ELEPHANT HOTEL LLC,<br><br>Defendants. | )<br>)<br>)<br>)  Civil Action No. 1:24-cv-11640-LTS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**(PROPOSED) PRELIMINARY INJUNCTION ORDER**

WHEREAS, this matter has come before the Court on the motion by Plaintiffs for a preliminary injunction; and

WHEREAS, the parties obtained the expedited discovery they requested; and

WHEREAS, the Court held a hearing at which all parties had an opportunity to be heard;

IT IS HEREBY FOUND BY THE COURT AT THIS PRELIMINARY STAGE AS FOLLOWS:

1.     Plaintiffs have demonstrated a likelihood of success that Defendants Gordon Companies, Inc., and David Gordon violated the Lanham Act and Chapter 93A by engaging in false advertising and commercial disparagement when claiming they "acquired" Plaintiffs' festival, "rebranded" it, would "continue" the "long-running" event, and that their festival was "previously known as" the Nantucket Wine & Food Festival.

2.      Plaintiffs have demonstrated irreparable harm because of each of the following reasons in the alternative: (a) reputational injury and goodwill are at risk; (b) Defendants' wrongful actions and the ensuing confusion threaten the destruction of the Plaintiffs' entire business; (c) Defendants deliberately made the literally false statements at issue; and, (d) the potential complexity of causation issues at trial on issues of damages.

3.      The balance of hardships favors Plaintiffs because Defendants no longer have the option of a festival at their planned location and therefore have no wine festival or wine and food festival to promote, making further actions that could generate confusion or amount to disparagement not a possible form of fair or justifiable competition. On the other hand, Plaintiffs have long run an annual festival over the same long weekend between Mother's Day and Memorial Day weekend, as the gist of their business, thereby posing extreme hardship if their festival constituents are confused or recipients of false commercial disparagement.

4.      The public interest favors the issuance of injunctive relief because the public has a cognizable interest in avoiding confusion, false advertising, and false commercial disparagement. THEREFORE, UNTIL FURTHER ORDER OF THE COURT, IT IS ADJUDGED AND DECREED AS FOLLOWS PENDING THE RESOLUTION OF THIS MATTER:

1.      Defendants Gordon Companies, Inc., and David Gordon shall not make or cause others to make false disparaging statements about either of the Plaintiffs, the ownership of the Nantucket Wine & Food Festival, or its operations.

2.      Defendants Gordon Companies, Inc., and David Gordon shall make corrective disclosures over the same forms of press releases and emails by which they falsely announced that they "acquired" Plaintiffs' festival, "rebranded" it, would "continue" the "long-running" event, or that their festival was "previously known as" the Nantucket Wine & Food Festival,

namely the following corrective disclosure to each and every recipient of the false announcements and messages:

> Pursuant to an Order of the Court dated November 18, 2024, the Gordon Companies hereby discloses that, in June of this year, the Gordon Companies sent out false press releases and emails stating that Gordon Companies had acquired and rebranded the Nantucket Wine & Food Festival under new management. There was never any acquisition, rebranding, or new management of the Nantucket Wine & Food Festival. The Gordon Companies is not planning any festival for May 2025. The long-running Nantucket Wine & Food Festival continues to operate. As previously announced by the Nantucket Wine & Food Festival, the annual tradition will continue May 14 – 18, 2025, under the leadership of its longtime Executive Director Nancy Bean. For more information, please visit www.nantucketwinefestival.com.

3. Defendants shall post the same corrective disclosure in large bold font on the home page of the website at nantucketfoodandwine.com and foodandwinenantucket.com, with no other text or links on the page, but with the reference to www.nantucketwinefestival.com at the end of the disclosure hyperlinked to the website at that domain name.

4. Nothing herein prevents any party from seeking modification of this Order for good cause shown.

SO ORDERED.

Dated: _____   _____
                          The Honorable Leo T. Sorokin
                          United States District Judge